RENE L. VALLADARES
Federal Public Defender
Nevada State Bar No. 011479
JASON F. CARR
Assistant Federal Public Defender
Nevada State Bar No. 006587
411 E. Bonneville Avenue, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577
(702) 388-6261 (FAX)
jason_carr@fd.org

Counsel for Supervised Releasee and Defendant **Isaacs**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:05-cr-00104-RCJ |
| Plaintiff - Appellee, | **MOTION TO SPREAD MANDATE ON THE RECORD** |
| vs. | |
| LEAJON RAYMOND ISAACS, | |
| Defendant -Appellant. | |

COMES NOW Defendant, and previous Appellant, Leajon Raymond Isaacs, pursuant Federal Rules of Appellate Procedure 36 and 41, hereby requests this Court spread the mandate on the record and set this matter for resentencing. Further, Isaacs requests this Court orders his transport to, and appearance at, the resentencing.

On December 30, 2013, the United States Court of Appeals for the Ninth Circuit reversed and remanded this matter for resentencing on Isaac's admitted violations of the terms of supervised release. *See United States v. Isaacs*, slip. op. 13-10086, 2013 WL 6841810 (9th Cir. Dec. 30, 2013) (unpublished). Isaacs contended on appeal that this Court violated his due process rights by basing his Court's statutory maximum term of imprisonment and renewed term of supervised release sentence, at least in part, on unproven allegations in the revocation petition to which Isaacs did not admit. The Ninth Circuit agreed and vacated and remanded the matter for resentencing because it is not clear from the record the extent to which this Court's sentence was demonstrably based upon the unproven state and

federal law violations, as opposed to the three admitted drug violations.  (*See also* trial court clerk's record (CR) 138 (entry for the Ninth Circuit's memorandum decision).)

Pursuant to Federal Rule of Appellate Procedure 41(a), the Ninth Circuit's normally consists of the certified copy of the judgment, a copy of the court's opinion, and any direction about costs (not applicable here).  Barring application for an extension or a stay, the Ninth Circuit's mandate issues seven days after the time to file a petition for rehearing expires, or seven days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later.  *See* Fed. R. App. P. 41(b); *see also United States v. Rojas*, 574 F.2d 476, 476 (9th Cir. 1978) (explaining that timing deadlines recommence in the district court "with the receipt of the mandate, or, if the mandate is formally spread, from the spreading [of the mandate]").

The Ninth Circuit entered its mandate reversing Isaacs' sentence on January 23, 2014.  (*See* CR 139.)  Isaacs now requests this Court spread this mandate on the record and order a resentencing.  Further, that the U.S. Marshal Service be ordered to transport Isaacs to the resentencing and that Isaacs appear at the Nevada Southern Detention Center no later than five days before the scheduled resentencing date so that Isaacs may confer with counsel prior to the hearing.

Finally, this Court should order the United States Probation Office acquire the Federal Bureau of Prisons Progress Report so that this Court and all involved parties may gauge Isaacs progress since this Court's original pronouncement of sentence.

The resentencing hearing will only consist of determining the appropriate sentence for Isaacs given the parties' stipulated range of between thirty and thirty-six months.  There is also an agreement as to the appropriate renewed term of supervised release that this Court should consider in fashioning the least restrictive sentence necessary to meet the appropriate supervised release and 18 U.S.C. § 3553(a) sentencing factors.

DATED this 26th Day of February 2014.

RENE L. VALLADARES
Federal Public Defender

By: */s/ Jason F. Carr*
JASON F. CARR
Assistant Federal Public Defender

ORDER

IT IS SO ORDERED this 15th day of April, 2014.

_____
ROBERT C. JONES